IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| JOSEPH TIGER PRINCE; RICO PARKER; ANTHONY CUNNINGHAM; WILLIAM E. WEST, IV; ISAIAH WALKER; HENRY JONES; DAVID NATIONS; KAWASKI BUSH; FREDDIE HILTON; and WESLEY GILLESPIE, | ) ) ) ) ) ) ) | |
| Plaintiffs[1], | ) ) ) | |
| v. | ) ) | CV 121-009 |
| GEORGIA DEPARTMENT OF CORRECTION; MR. EDWARD PHILBIN, Warden; MS. TAMIKA HARVEY, Deputy Warden of Security; MS. MELCHERT, Health Service Administrator; MS. RUTH SHELTON, Deputy Warden of Care and Treatment; and MS. JAQULYN CHAMPION, Food Director, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

_____

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
_____

Plaintiffs, incarcerated at Augusta State Medical Prison ("ASMP") in Grovetown, Georgia, have submitted to the Court for filing a civil complaint. Plaintiffs are proceeding *pro se* and have filed a joint motion to proceed *in forma pauperis* ("IFP"). (Doc. no. 2.)

## I.    BACKGROUND

Plaintiffs commenced this case by submitting a fifteen-page complaint, along with several attachments, to the Clerk of Court in the Southern District of Georgia. (Doc. no. 1.) Generally, Plaintiffs' complaint raises claims under 42 U.S.C. § 1983 against Defendants

---

[1] The Court **DIRECTS** the **CLERK** to update Plaintiff Prince's name on the docket in accordance with the caption of this Order.

regarding unsafe prison conditions at ASMP due to the COVID-19 pandemic.  All Plaintiffs filed a joint motion to proceed IFP.  (See doc. no. 2.)

## II.  DISCUSSION

The Eleventh Circuit has considered the issue of whether "the Prisoner Litigation Reform Act ["PLRA"] permits multi-plaintiff [IFP] civil actions."  Hubbard v. Haley, 262 F.3d 1194, 1196 (11th Cir. 2001).  In Hubbard, the Eleventh Circuit noted that "the intent of Congress in promulgating the PLRA was to curtail abusive prisoner tort, civil rights and conditions of confinement litigation."  Id. (citing Anderson v. Singletary, 111 F.3d 801, 805 (11th Cir. 1997)).  The Eleventh Circuit upheld a district court's dismissal of a multiple-prisoner/plaintiff lawsuit wherein the plaintiffs sought to proceed together IFP.  Id. at 1198. The Eleventh Circuit concluded "the PLRA clearly and unambiguously requires that 'if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of the filing fee.'"  Id. at 1197 (citing 28 U.S.C. § 1915(b)(1)).

Allowing multiple prisoners to bring complaints in a single lawsuit circumvents the Congressional purpose in promulgating the PLRA.  Id. at 1197-98.  That is, "[t]he modest monetary outlay will force prisoners to think twice about the case and not just file reflexively."  Id. at 1198 (quoting 141 Cong. Rec. S7526 (daily ed. May 25, 1995) (statement of Sen. Kyl)).  The Eleventh Circuit held "the plain language of the PLRA requires that each prisoner proceeding IFP pay the full filing fee . . . ."  Id.  Therefore, the "district court properly dismissed the multi-plaintiff action in this instance."  Id.

However, the Court recognizes Plaintiffs are proceeding *pro se* and will therefore give them an opportunity to proceed as individual Plaintiffs in separate cases.  In accordance with the procedure affirmed by the Eleventh Circuit in Hubbard, the Court **REPORTS** and

**RECOMMENDS** Plaintiffs' joint motion to proceed IFP be **DENIED**, (doc. no. 2), the above-captioned case be **DISMISSED** without prejudice, the **CLERK** be **DIRECTED** to file and docket the instant complaint in ten new lawsuits, with the same filing dates and ten separate case numbers.  Once the ten new lawsuits are opened, Plaintiffs must submit their own individual motions to proceed IFP or pay the full filing fee within twenty-one days of the date the Clerk opens the case.

SO REPORTED and RECOMMENDED this 15th day of January, 2021, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA